**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____ X

Trisha Donaldson

                                    **Plaintiff**                    **Docket No:09-8286**
                                                                     **(CS)**

  **-against-**

Bonded Credit Bureau, Inc. d/b/a                                **AMENDED COMPLAINT AND**
"DRS/Bonded" and Ricky Mirez        **Defendant**              **DEMAND FOR JURY TRIAL**
_____ X
                                                              **Unlawful Debt Collection Practices**

                                                              **TRIAL BY JURY DEMANDED**

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendant respectfully alleges
and shows to the Court as follows:


## I. INTRODUCTION

   1. The Plaintiff is suing the Defendants because the defendant harassed and abused

the Plaintiff in an attempt to collect an alleged debt.  Defendants' acts include: illegally

contacting Plaintiffs' coworkers; falsely threatening to garnish the Plaintiffs' income;

falsely threatening to sue the Plaintiff; personally insulting Plaintiffs' relatives.

   2. This is an action for damages brought by an individual consumer for  violations

of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA")

which prohibits debt collectors from engaging in abusive, deceptive and unfair practices;

as well as for violations of common law.

   3.  Defendants actions as alleged herein constitute crimes against the Plaintiff.

   4.        According to 15 U.S.C. 1692:

(a)    There is abundant evidence of the use of abusive, deceptive, and unfair debt
       collection practices by many debt collectors.  Abusive debt collection practices
       contribute to the number of personal bankruptcies, to marital instability, to the loss
       of jobs, and to invasions of individual privacy.

(b)     Existing laws and procedures for redressing these injuries are inadequate to protect
        consumers.

(c)     Means other than misrepresentation or other abusive debt collection practices are
        available for the effective collection of debts.

(d)     Abusive debt collection practices are carried on to a substantial extent in interstate
        commerce and through means and instrumentalities of such commerce.  Even
        where abusive debt collection practices are purely intrastate in character, they
        nevertheless directly affect interstate commerce.

(e)     It is the purpose of this title to eliminate abusive debt collection practices by debt
        collectors, to insure that those debt collectors who refrain from using abusive debt
        collection practices are not competitively disadvantaged, and to promote consistent
        State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C

Section 1337, and supplemental jurisdiction exists for state law claims pursuant to 28

U.S.C. Section 1367.  Injunctive relief is available pursuant to New York state law.  Venue

in this District is proper in that the Defendant transacts business here and the conduct

complained of occurred here.

## III. PARTIES

6. Plaintiff, Trisha Donaldson, is a natural person residing in Westchester County,

New York.  Plaintiff is a consumer as defined by the FDCPA.

7. Defendant Bonded Credit Bureau, Inc. d/b/a "DRS/Bonded" (hereinafter

"Bonded") is a corporation engaged in the business of collecting debts in this state with its

principal place of business located in Ohio. The principal purpose of Defendant is the

collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant Rickey Mirez is a natural person employed by Bonded at all times relevant to this complaint.

9. Defendants are all "debt collectors" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

10. The Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and/or ratification of the other Defendants. Bonded is responsible and liable for the acts of its employees.  Any reference hereinafter to "Defendant," or "Defendants," or "Debt collector," without further qualification is meant to refer to each and all Defendants herein jointly and severally.

## IV.  FACTUAL ALLEGATIONS

11. Plaintiff repeats paragraphs "1" through "12" as if fully restated herein.

12. The Defendants allege that the Plaintiff owes a consumer debt. (the "debt" or the "alleged debt") The alleged debt of Plaintiff was incurred for personal, family, or household services. The

13. On or about June 8, 2009, the Defendants telephoned the Plaintiff and harassed and abused the Plaintiff and the Plaintiff's husband as further described below.

14. The Defendants falsely threatened to garnish 25% of the Plaintiff's wages.

15. The Defendants falsely threatened to serve legal papers upon the Plaintiff at Plaintiffs place of employment so as to humiliate the Plaintiff.

16. The Defendants screamed at the Plaintiff's husband.

17. The Defendants called the Plaintiff's husband a liar.

18. The Defendants hung up the phone while speaking to the Plaintiffs.

19. On June 9, 2009, the Defendants telephoned the Plaintiff's office manager and communicated with her about the Plaintiff.

20. On June 9, 2009 the Defendants informed the Plaintiff that the Defendant will not speak to the Plaintiff's husband because the Plaintiff's husband is a liar.

21. On June 9, 2009, the Defendants falsely informed the Plaintiff that Defendants are permitted to telephone the Plaintiff's employer.

22. On June 9, 2009, the Defendants informed the Plaintiff that the Defendants "did not care" about the Plaintiff because the Plaintiff was not the Defendant's client.

23.  The Defendants engaged in false and deceptive actions in an attempt to collect an alleged debt from Plaintiff as described herein.

24. The Defendants engaged in harassing and abusive conduct in an attempt to collect an alleged debt from Plaintiff as described herein.

25.  The Defendants engaged in unfair and unconscionable acts in an attempt to collect an alleged debt from Plaintiff as described herein.

26. The Defendant has not provided the Plaintiff with the notices required by 15 USC 1692g.

27. The Defendant did not provided the Plaintiff with the notices required by 15 USC 1692e(11).

28. The Defendants falsely implied that they were attorneys.

29. The Defendants deceived and mislead the Plaintiff relating to a payment plan for Plaintiff to attempt to pay off the alleged debt.

30. The Defendant Bonded has been sued in Federal Court over 70 times for violations of the Fair Debt Collection Practices Act. (15 USC 1692 et seq).

31. On information and belief, the owners and management of Bonded are aware of the federal lawsuits that have been filed against Bonded.

32. On information and belief, the owners and management of Bonded have not taken the necessary actions to prevent continued debt collection abuse.

33. On information and belief, the owners and management of Bonded were aware of the complaints of Plaintiff before the filing of this Complaint.

## V.  CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

34.  Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

35.  Defendant's actions as described herein violated the following provisions of the FDCPA:

a. 15 U.S.C Section 1692e;

b. 15 U.S.C Section 1692e(2)

c. 15 U.S.C Section 1692e(3)

d. 15 U.S.C Section 1692e(4)

e. 15 U.S.C Section 1692e(5)

f. 15 U.S.C Section 1692e(7)

g. 15 U.S.C. Section 1692d(8)

h. 15 U.S.C Section 1692e(10)

i. 15 U.S.C Section 1692e(11)

j. 15 U.S.C Section 1692d;

k. 15 U.S.C Section 1692d(2)

l. 15 U.S.C Section 1692d(5);

m. 15 U.S.C. Section 1692d(6);

n. 15 U.S.C. Section 1692f;

o. 15 U.S.C. Section 1692f(1);

p. 15 U.S.C. Section 1692g(a);

q. 15 U.S.C. Section 1692(b)

r. 15 U.S.C. Section 1692b(1)

s. 15 U.S.C. Section 1692b(2)

t. 15 U.S.C. Section 1692b(3)

u. 15 U.S.C. Section 1692c(a)(1)

v. 15 U.S.C. Section 1692c(a)(3)

w. 15 U.S.C. Section 1692c(b)

## VI. CAUSES OF ACTION FOR NEGLIGENT DEBT COLLECTION AND GROSSLY NEGLIGENT DEBT COLLECTION

36. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

37. Defendants were aware that it is illegal under New York State and Federal Law to engage in the conduct described herein. Plaintiff relied upon the protection afforded her under New York and Federal Law. It was foreseeable that Defendants' continuation of their illegal conduct would cause damage to the Plaintiff.  Defendants owed the Plaintiff a duty and special duty of reasonable care in the manner in which they attempted to collect the alleged debt.

38. Defendants' actions constitute a crime under the New York General Business Law Article 29H.   Defendants owed Plaintiff a duty and a special duty to abide by the criminal statutory proscriptions of New York law.

39. Defendants' actions and omissions as described herein constitute negligence in that Defendants owed Plaintiff a duty and a special duty of reasonable care in the collection of the alleged debt, said duties were breached, and said breaches were the proximate cause of damages suffered by Plaintiff.

40. Defendants' actions and omissions as described herein constitute gross negligence in that Defendants owed Plaintiff a duty and a special duty of reasonable care in the collection of the alleged debt, said duties were breached, said breaches were the proximate cause of damages suffered by Plaintiff, and Defendants' actions and omissions

demonstrate a want of scant care and an indifference to the rights of Plaintiff. Defendants'
actions were willful, malicious, and wanton. Defendants' actions were highly unreasonable
and demonstrate an extreme departure from ordinary care.

41. Plaintiff has been damaged emotionally by the Defendants' illegal and criminal
conduct as alleged herein.

42. Plaintiff is entitled to punitive damages for the actions and omissions of the
Defendants as described herein.

## VII. CAUSES OF ACTION FOR NEGLIGENT AND GROSS NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION AGAINST THE CORPORATE DEFENDANT

43. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing
paragraphs.

44. On information and belief, the Defendant does not properly train or supervise
the employees that they use to collect alleged debts.  On information and belief, it is the
policy of the corporate Defendant to engage in actions consistent with the Defendants'
actions described herein. On information and belief, Defendant hires, trains, supervises and
retains employees with a complete disregard of their ability or propensity to abide by
federal and state debt collection laws.

45. Defendant was negligent in the hiring, retention, training, and/or supervision of
its employees. Defendant's actions and omissions constitute negligence in that Defendant
owed Plaintiff a duty and a special duty to hire, retain, train, and/or supervise its

employees properly, said duties were breached, and said breaches were the proximate cause of damages suffered by Plaintiff.

46. The actions and omissions of Defendant as described herein constitute grossly negligent hiring, retention, training, and/or supervision in that Defendant owed Plaintiff a duty and a special duty to hire, retain, train, and/or supervise its employees properly, said duties were breached, said breaches were the proximate cause of damages suffered by Plaintiff, and Defendant's actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff. The actions of Defendant were willful, malicious, and wanton. The actions of Defendant were highly unreasonable and demonstrate an extreme departure from ordinary care.

47. Plaintiff has been damaged emotionally by the Defendant's illegal and criminal conduct as alleged herein.

48. Plaintiff  is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

## VIII. CAUSES OF ACTION FOR NEGLIGENCE PER SE

49. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

50. Defendant's conduct as described herein violated various New York State statutes.

51. Defendant's actions as described herein violated New York General Business Law Article 29H. (NYFDCPA)

52.  Plaintiff is within the class of people intended to be protected by New York General Business Law Article 29H. (NYFDCPA)

53. Defendant's actions as described herein violated 15 U.S.C. Section 1692 et seq. (Federal FDCPA)

54. Plaintiff is within the class of people intended to be protected by 15 U.S.C. Section 1692 et seq. (Federal FDCPA)

55. Defendant's' violations of the above referenced statutes proximately caused damage to the Plaintiff.

56. Defendant is liable for negligence per se.

57. Plaintiff has been damaged emotionally by the Defendant's illegal and criminal conduct as alleged herein.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

A.  Injunctive relief prohibiting the Defendants from contacting the Plaintiff without properly identifying themselves in violation of New York and Federal law;

B. Actual damages pursuant to the FDCPA and common law claims;

C. Statutory damages pursuant to the FDCPA;

D. Nominal damages;

E. Costs and reasonable attorney's fees pursuant to the FDCPA;

F. Punitive damages pursuant to the state common law claims;

G. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (JM: 8295)
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

S//<u>JOSEPH MAURO</u>
Joseph Mauro